
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW B. CRAMER, | No. 11-17913 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01693-SKO |
| v. | |
| TARGET CORPORATION, | MEMORANDUM* |
| Defendant, | |
| and | |
| ERIC HELLER; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding**

Submitted June 18, 2013***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Matthew B. Cramer appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment for defendants Barrios and Heller because Cramer failed to raise a genuine dispute of material fact as to whether these defendants knew of and disregarded an excessive risk to his health, and whether the delay in treatment for his fractured clavicle caused him further injury. *See Toguchi*, 391 F.3d at 1057 (defendant is deliberately indifferent only if he or she knows of and disregards an excessive risk to the plaintiff's health); *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (to establish deliberate indifference, a plaintiff must show that a delay in treatment resulted in further injury or the unnecessary and wanton infliction of pain); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (the Eighth Amendment sets the minimum standard for a pre-trial detainee's right to medical care).

The district court properly granted summary judgment for defendant

Wheatly because the undisputed facts show that Wheatly had no involvement in the alleged constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the causation element of § 1983 claim).

The district court did not abuse its discretion by quashing or denying Cramer's subpoenas because the subpoenas were either defective, overbroad or unnecessary. *See Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (standard of review); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (explaining that district courts have broad discretion to permit or deny discovery).

The district court did not abuse its discretion by denying Cramer's motions for further discovery because Cramer failed diligently to pursue discovery and to explain how the information he sought would have shown that the delay caused him further injury and, thereby, preclude summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 1998) (setting forth the standard of review; explaining that the movant in a motion for further discovery must identify what information is sought and how it would preclude summary judgment, and that the district court does not abuse its discretion by denying further discovery where the movant has failed diligently to pursue discovery).

**AFFIRMED.**

11-17913